UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENITO DESIR,

        Plaintiff,

        v.

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, PATRICK RYDER,
INSPECTOR SKRYNECKI, JOHN DOES 1-2,

        Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

The plaintiff, BENITO DESIR, by and through his attorneys, Lebedin Kofman LLP, complain

and allege of the defendants as follows:

## INTRODUCTION

1.     Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for the deprivation by defendants, acting

under color of law, of rights guaranteed to him under the United States constitution and federal

and state laws. Defendants deprived the plaintiff of these guaranteed rights when they unlawfully

seized, assaulted and battered, and used excessive force against plaintiff because he engaged and/or

continued to engage in religious speech.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction

over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201 because it is brought to seek

relief  and/or damages for the deprivation under color of state law of rights guaranteed by the

constitution of the United States and federal law.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in it.

## NOTICE OF CLAIM FOR STATE LAW CLAIMS

4.   Plaintiff filed a notice of claim against the County of Nassau and the Nassau County Police Department in accordance with New York General Municipal Law on February 13, 2025, which set forth plaintiff's name and address, his attorneys, the nature of the claim, the time and place where it occurred, and the items of damages. A 50h hearing was held on May 1, 2025.

5.      At least 30 days has passed since service of the notice of claim and defendants have refused payment.

6.      This action is being commenced within one year and 90 days of accrual.

## PARTIES

7.      Plaintiff BENITO DESIR is a citizen of the United States and resided in Nassau County, New York at all relevant times.

8.      At all relevant times, defendant COUNTY OF NASSAU was a municipal corporation incorporated and existing under the laws of the State of New York, which operated, controlled, and managed defendant Nassau County Police Department. Its principal place of business is One West Street, Mineola, New York 11501.

9.      At all relevant times, defendant NASSAU COUNTY POLICE DEPARTMENT was and is an agency of defendant County, and directly supervised the individual defendants, with its principal place of business being 1490 Franklin Avenue, Mineola, New York 11501.

10. At all relevant times, defendant PATRICK RYDER was the commissioner of police for the Nassau County Police Department, with his principal place of business being 1490 Franklin Avenue, Mineola, New York 11501. Upon information and belief, as commissioner, this defendant was in charge of and responsible for the overall management, operation, and supervision of the police department. Claims against this defendant are asserted in his individual capacity.

11. At all relevant times, INSPECTOR SKRYNECKI was the commanding officer of the Nassau County Police Department's 5th Precinct with his principal place of business being 1655 Dutch Broadway, Elmont, New York 11003. Upon information and belief, this defendant was responsible for the overall management, operation, and supervision of this precinct. Claims against this defendant are asserted in his individual capacity.

12. At all relevant times, defendants JOHN DOES 1-2 were police officers with the Nassau County Police Department, and believed to be from the Fifth Precinct. The identities of these defendants are not known but they are the officers who responded to the bus and removed plaintiff from it. Claims against these defendants are asserted in their individual capacities.

13. At all relevant times, the individual defendants acted in the scope of their authority as public servants for the County of Nassau and the Nassau County Police Department, and under color of law, to wit, under the color of the constitution, statutes, laws, rules, regulations, ordinances, charters, customs, policies, and usages of the State of New York and Nassau County.

## **FACTS**

14.     At about 6:30 AM on January 15, 2025, Nassau County Police Department (NCPD) officers, defendants John Does 1-2, forcibly removed the plaintiff, Benito Desir, from a public bus, seriously injuring him.

15.     Mr. Desir was riding the Nassau Inter-County Express (NICE) bus that morning and speaking about religion to other passengers, as he often did.

16.     The NICE bus is the County of Nassau's (County) public bus system.

17.     The bus driver told him to stop talking about god and threatened to stop the bus and call the police if he did not.

18.     Mr. Desir continued speaking.

19.     The bus driver stopped the bus and contacted police.

20.     Defendant police officers John Does 1-2 responded, boarded the bus, and demanded that Mr. Desir leave the bus.

21.     Mr. Desir told them he had just been preaching the word of god and that he did not believe he did anything to warrant removal, and he asked why he had to leave the bus.

22.     Defendants John Does 1-2 grabbed his hands and feet, forcibly carried him from the bus, and dumped him on the sidewalk, injuring his hands and back and fracturing his kneecap.

23.     Upon information and belief, Mr. Desir did not resist.

24.     Mr. Desir asked the officers why they did that and they responded in sum and substance that when they say something, he needs to listen.

25.     John Does 1-2 then left, and two other police officers responded for Mr. Desir to make a report.

26.    With the pain from his injuries now intensifying, he then went to the hospital where he was ultimately diagnosed with a fractured and displaced kneecap.

27.    As a result of the use of force, his knee was also swollen and bruised, he was unable to fully flex it, he had decreased range of motion, and his gait was disturbed.

28.    His hand was swollen and painful and he was unable to grasp or use his hand normally for some time, and his back was painful, especially when he raised his leg, and he had muscle spasms.

29.    Mr. Desir also had difficulty with prolonged sitting, standing, and walking, and was unable to engage normally in his usual activities.

30.    His medical treatment included at least 11 physical therapy sessions, among other treatment.

31.    Mr. Desir was also scheduled to start work as a school bus driver less than a month after the incident. But because of his injuries, he was only medically cleared to work part time, which he did but with difficulty and pain.

32.    He ultimately had to stop working in about September 2025 because his knee pain was so bad.

33.    This has caused him financial difficulties which continue to date.

34.    He also continues to suffer from knee pain, which is so bad at times that he cannot even walk, and he continues to be unable to engage normally or fully in his usual activities.

## CAUSES OF ACTION
## FEDERAL LAW CLAIMS
## FIRST CAUSE OF ACTION AGAINST JOHN DOES 1-2

**Violation of Constitutional Rights Under Color of State Law**
**Unlawful Seizure**

35.     Plaintiff incorporates by reference and realleges each and every allegation previously stated.

36.     As described above, defendants John Does 1-2 seized or caused plaintiff to be seized because he engaged in or continued to engage in religious speech.

37.     This violated plaintiffs' constitutional right to be free from unlawful seizures.

38.     As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

**SECOND CAUSE OF ACTION AGAINST JOHN DOES 1-2**
**Violation of Constitutional Rights Under Color of State Law**
**Excessive Use of Force**

39.     Plaintiff incorporates by reference and realleges each and every allegation previously stated.

40.     As described above, defendants John Does 1-2 grabbed plaintiff's hands and feet and forcibly removed him from the bus, then dumped him on the sidewalk, seriously injuring him.

41.     Their actions were objectively unreasonable, and undertaken intentionally, willfully, maliciously, sadistically, and for the sole purpose of harming and punishing plaintiff.

42.     This violated plaintiff's constitutional right to be free from excessive force.

43.     As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

**THIRD CAUSE OF ACTION AGAINST JOHN DOES 1-2**
**Violation of Constitutional Rights Under Color of State Law**

**Violation of Right to Free Speech**

44. Plaintiff incorporates by reference and realleges each and every allegation previously stated.

45. As described, defendants John Does 1-2 seized plaintiff because he engaged in or continued to engage in religious speech, then forcibly removed him from the bus.

46. This violated plaintiff's constitutional right to engage in free speech.

47. As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

**FOURTH CAUSE OF ACTION AGAINST JOHN DOES 1-2**
**Violation of Constitutional Rights Under Color of State Law**
**Violation of Right to Free Religious Exercise**

48. Plaintiff incorporates by reference and realleges each and every allegation previously stated.

49. As described, defendants John Does 1-2 seized plaintiff because he engaged in or continued to engage in religious speech, then forcibly removed him from the bus.

50. This violated plaintiff's constitutional right to free religious exercise.

51. As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY, NCPD,**
**RYDER, SKRYNECKI**
**Violation of Constitutional Rights Under Color of State Law**
**Implementation of Policies that Directly Violate Constitutional Rights/Failure to**
**Implement Policies and Practices to Avoid Violations of Constitutional Rights and Failure**
**to Train/Supervise Employees and Agents**

52. Plaintiff incorporates by reference and realleges each and every allegation previously stated.

53. Upon information and belief, these defendants have failed to institute and implement appropriate policies at the police department on a variety of subjects including seizures, use of force, First Amendment issues, and other areas of importance to citizens' rights.

54. In the alternative, and upon information and belief, these defendants have instituted policies addressing these topics but through gross negligence have demonstrated deliberate indifference to citizens by failing or refusing to enforce them.

55. Upon information and belief, these defendants have also failed to adequately hire, screen, and supervise police officers, and to provide adequate training and supervision regarding their duties as they relate to citizens' rights.

56. As set forth above, the individual defendants seized, forcibly removed, and used excessive force against plaintiff despite the apparent lack of sufficient evidence and legal cause to do so.

57. Upon information and belief, there are about 2400 police officers in the NCPD.

58. The organization Police Scorecard, found that in 2021 alone (the only year available in the report), there were 491 civilian complaints filed against NCPD officers, including 28 for use of force. Of these, the NCPD's internal review system found for civilians just 13 percent of the time, zero for use of force complaints.

59. A 2022 report by WSHU public radio shows similar numbers. They found that from 2016 to 2021, there were 144 allegations against the NCPD of false arrest and excessive force (116 were for excessive force).

60. This report also noted that despite the NCPD finding false arrest and excessive force complaints to be founded, court records over the same time frame of 2016-2021 show more than

three dozen judgements against them for 41 allegations of false arrest and excessive force. Seven of these cases were jury verdicts.

61. These cases include: Coleman v. County of Nassau (false arrest), Compere v. Fusaro (excessive force), Sherman v. County of Nassau (excessive force), Triolo v. Nassau County (false arrest), Fahlund v. County of Nassau (false arrest), Cohen v. Kreisberg (false arrest, excessive force), all in 2016; McParland v. County of Nassau (false arrest), Thomason v. County of Nassau (excessive force), Wallack v. Siar (false arrest, excessive force), Price v. Schneider (false arrest, excessive force), Williams v. Mangano (false arrest), Lutchman v. County of Nassau (false arrest, excessive force), Passero v. County of Nassau (false arrest, excessive force), Denis v. County of Nassau (false arrest), Alcantara v. Correale (false arrest, excessive force), Chmil v. County of Nassau (false arrest), Spencer v. County of Nassau (excessive force), Price v. Kenney (false arrest), all in 2017; Curry v. Nassau County First Precinct (false arrest, excessive force), Jackson v. Nassau County (false arrest), Sterling v. Albergo (false arrest), King v. County of Nassau (excessive force), Justo v. Nassau County (false arrest, excessive force), Smith v. County of Nassau (false arrest), all in 2018; Gildea v. County of Nassau (false arrest), Hardy v. County of Nassau (false arrest, excessive force), Cardoza v. County of Nassau (false arrest, excessive force), Merolla v. County of Nassau (false arrest), Jenkins v. County of Nassau (false arrest, excessive force), all in 2019; Parrino v. County of Nassau (false arrest) in 2020.

62. Despite the successful litigation outcomes, internal affairs did not find a single of the allegations to be founded.

63. These numbers are consistent with a NYCLU report showing 1605 complaints and 2601 allegations filed against NCPD officers between January 2012 and May 2015. Of these 31 percent were for improper tactics or procedures and 8 percent were for excessive force.

64. However, the NCPD only founded 7 percent of them.

65. The undersigned has not found reports since 2021 but is aware of at least one other particularly disturbing case of excessive force, as well as malicious prosecution, abuse of process, and battery against the NCPD. In that case, Pfail v. Nassau County, the jury awarded a nearly $3 million jury verdict to plaintiff in 2025.

66. The violations against plaintiff here occurred in accordance with this culture, and with practices, policies, and customs in the NCPD where officers violate the law and very, very few are ever disciplined at all.

67. The violations against plaintiffs also occurred through these defendants' failures to act on information indicating violations were occurring, and through their gross negligence in supervising subordinates, including the individual defendants here.

68. As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

## STATE LAW CLAIMS

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
#### Unlawful Seizure

69. Plaintiff incorporates by reference and realleges each and every allegation previously stated.

70. As described above, defendants John Does 1-2 seized plaintiff on the bus then forcibly removed him from it, seriously injuring him.

71. Defendants County and NCPD are responsible and liable for the acts of their employees and agents, including the individual defendants here, which were done within the scope of their employment under the doctrine of *respondeat superior*.

72. As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Assault and Battery

73. Plaintiff incorporates by reference and realleges each and every allegation previously stated.

74. As described above, defendants John Does 1-2 forcibly, knowingly, intentionally, and without privilege, consent, or legal cause, grabbed plaintiff's hands and feet and removed him from the bus then dumped him on the sidewalk, seriously injuring him.

75. Defendants County and NCPD are responsible and liable for the acts of their employees and agents, including the individual defendants here, which were done within the scope of their employment under the doctrine of *respondeat superior*.

76. As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Negligence and Gross Negligence

77. Plaintiff incorporates by reference and realleges each and every allegation previously stated.

78. In the alternative, and as described above, defendants John Does 1-2 acted negligently when they forcibly removed plaintiff from the bus then dumped him on the sidewalk, seriously injuring him.

79. Their actions and inactions were negligent or reckless and done with no or insufficient regard for plaintiff's safety or welfare. Defendants knew or should have known that their actions or inactions would injure plaintiff.

80. Defendants County and NCPD are responsible and liable for the acts of their employees and agents, including the individual defendants here, which were done within the scope of their employment under the doctrine of *respondeat superior*.

81. As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

## NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Freedom of Speech and Religious Liberty

82. Plaintiff incorporates by reference and realleges each and every allegation previously stated.

83. As described above, defendants John Does 1-2 seized, then assaulted and battered plaintiff because he engaged in and/or continued to engage in religious speech.

84. Defendants County and NCPD are responsible and liable for the acts of their employees and agents, including the individual Defendants here, which were done within the scope of their employment under the doctrine of *respondeat superior*.

85. As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

## TENTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY, NCPD, RYDER, SKRYNECKI
### Negligent Hiring, Training, Retention, And Supervision

86.     Plaintiff incorporates by reference and realleges each and every allegation previously stated.

87.     These defendants failed to exercise reasonable care in hiring, training, retaining, and supervising their employees and agents, including the individual defendants here, thereby breaching their duty to plaintiff as well as to the public.

88.     As set forth above, the NCPD has a history of claims of excessive force and other constitutional and other violations but it almost never determines anything to be founded, despite dozens of successful lawsuits saying otherwise.

89.     These defendants were or should have been aware of the propensity of their subordinates to commit negligent or injurious acts, especially given their apparent lack of training or knowledge of, or regard for basic constitutional rights of citizens.

90.     These defendants are responsible and liable for the acts of their employees and agents, including the individual defendants here, which were done within the scope of their employment under the doctrine of *respondeat superior*.

91.     As a direct and proximate result of these actions and/or inactions, plaintiff has been injured.

## DEMAND FOR PUNITIVE DAMAGES

92.     The actions and inactions of the individual defendants as described were extreme, outrageous, and shock the conscience of a reasonable person and an award of punitive damages is appropriate.  Punitive damages are not sought from the municipal defendants.

## DEMAND FOR TRIAL BY JURY

93. The plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that this Honorable Court grant him the following relief:

A. A judgment in favor of plaintiff against all defendants for compensatory damages in an amount to be determined by a properly charged jury;

B. A judgment in favor of plaintiff against all individual defendants for punitive damages in an amount to be determined by a properly charged jury;

C. A monetary award for attorney's fees and the costs of this action pursuant to 42 USC § 1988;

D. Any other relief this Court finds to be just, proper, and equitable.

Dated: April 10, 2026
      Orange County, New York

Respectfully submitted by:

**s/ Jessica Gorman**
Jessica M. Gorman
Lebedin Kofman, LLP
300 Merrick Road, Suite 403
Lynbrook, New York 11563
T: (212) 500-3273
E: jgorman@lebedinkofmanlaw.com

**ATTORNEYS FOR PLAINTIFF**